Smith,
dissenting: I can not agree that the petitioner received taxable income for 1928 in the amount of $243,800 by exercising an option to purchase 10,000 shares of the unissued capital stock of Stanley Co. of America. According to the findings, the petitioner discussed with some of the directors and largest stockholders of the Stanlejr Co. the granting of this option in May 1928. During that month the stock sold as high as $45 per share and as low as $30.50 The petitioner was not to exercise the option until the stock sold on the open market in an amount of not less than 1,000 shares at $55 The petitioner understood that the option would be granted him This informal understanding was carried into effect at a meeting of the board of directors on September 26, 1928. It appears that by that time 1,000 shared of the stock had sold at a price of $55 Even if the contract made by the board of directors with the petitioner on September 26, 1928, was a contract for compensation for services performed or to be performed, it seems to me that the only amount which could be included in the gross income of petitioner for 1928 was the value of the option contract at the date it was acquired by the petitioner.' The findings do not show any cash value for the contract at that date. By the option contract the petitioner was not given shares of stock in payment for his services.
Prior to the end of 1928 the stock advanced in price by leaps and bounds. In December 1928 the petitioner exercised his option and acquired the shares of stock. These shares of stock cost him something. It seems to me that when he sold them the basis for the computation of gain or loss was the price that he paid for them and not the fair market value on the" date when he exercised the option.
‘ I can not see that tlie principle applied by the Board in Albert Russel Erskine, 26 B. T. A. 147, is applicable here. To my mind that case is clearly distinguishablé from the present one. The facts in this case are substantially those which obtained in D. C. Bothwell, 27 B. T. A. 1351, in which we held that where the optionee sold his *869 stock the basis for computing his gain was the purchase price for the shares. I am also of the opinion that the Board’s decision in this case is contrary to Rose v. Twist Co. of Georgia, 28 Fed. (2d) 767; Taplin v. Commissioner, 41 Fed. (2d) 454; Durkee v. Welch, 49 Fed. (2d) 339; and Commissioner v. Van Vorst, 59 Fed. (2d) 677.